E-FILED
Thursday, 07 May, 2026  03:49:30 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ANTHONY WALSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )　　　　2:25-cv-02233-SEM-DJQ |
| | ) |
| FELICIA ADKINS, *et al.* | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Danville Correctional Center, asserts that a prison official thwarted his application to a college program. He also asserts that his constitutional rights were violated by officials who were involved with the resolution of his grievance about the college program application issue.

The case is before the Court for a merit review of Plaintiff's Amended Complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient allegations. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names Warden Felicia Adkins, Warden McKenna Wenzel, Counselor Andrew Smarts, Grievance Officer Tom Hadler, the Administrative Review Board Chairman, Clinical Services Claire Mullis, and Education Facility Administrator Sterling Montgomery.

Plaintiff alleges that the Northwestern University Prison Education Program offers bachelor's degrees to incarcerated students within the Illinois Department of Corrections. On April 11, 2024, Plaintiff handed his application for that program to IDOC staffer Kenneth Phillips. The application deadline was April 15. Phillips told Plaintiff that Education Facility Administrator Defendant Sterling Montgomery had timely received Plaintiff's application.

Plaintiff did not receive a response to his application and began investigating the matter in August 2024. He later learned that Montgomery did not forward his application for consideration but instead intentionally obstructed, withheld, and delayed submission of the application. Montgomery did not send Plaintiff's application to Northwestern for consideration until after the deadline, preventing Plaintiff's consideration for the Fall 2024 intake process. Montgomery lied to program officials and to Plaintiff about why he did not timely process Plaintiff's application.

Other similarly situated prisoners had their applications properly forwarded for consideration.

Plaintiff further alleges that Grievance Counselor Smarts acted under the guidance of his boss, Ms. Mullis, by not investigating or interviewing all parties to determine the veracity of Plaintiff's grievance claim, despite there being a clear violation. Grievance Officer Tom Hadler failed to hold Montgomery, Smarts, and Mullis accountable by refusing to interview witnesses or investigate Plaintiff's claim, despite acknowledging that Plaintiff's application was not properly processed. The Administrative Review Board failed to take action as well.

Plaintiff would like to pursue a class-of-one equal protection claim based on the handling of his application to be considered for the fall 2024 program and would like to sue the grievance handlers for failure to take action to correct the alleged problem with Montgomery's actions.

**Equal Protection.** Plaintiff has alleged enough to proceed on a class-of-one equal protection claim against Defendant Montgomery. He alleges he was singled out for arbitrary mistreatment and that comparable inmates were not treated that way. *See Brunson v. Murray*, 843 F.3d 698, 705 (7th Cir. 2016).

Plaintiff also asks for prospective injunctive relief related to ensuring a future application to the program is timely submitted for consideration. A developed record is required to determine the potential merits of that claim. The current warden at Danville, Trent Allen, solely in his official capacity, will be added as a Defendant for the purposes of effecting any potential injunctive relief that may be ordered after the resolution of the merits of the suit.

**Grievance Handling.** Plaintiff's allegations against Defendants Felicia Adkins, McKenna Wenzel, Andrew Smarts, Tom Hadler, the Administrative Review Board Chairman, and Claire Mullis, based on

their treatment, processing, and ultimate denial of Plaintiff's grievances, fail to state a claim.

State grievance procedures do not create substantive constitutional rights. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

Plaintiff argues that he should be able to sue these Defendants because they failed to take the actions that he wanted them to take in response to his complaints about Montgomery. But Montgomery's alleged wrongdoing was completed, and the application deadline had passed, by the time Plaintiff raised complaints via the grievance process. Plaintiff has not stated a claim against any individual-capacity Defendant aside from Montgomery.

**Additional Considerations.** Plaintiff seeks $250,000 in compensatory damages and $100,000 in punitive damages. But he

has not alleged, nor could he allege, a physical injury. As such, Plaintiff's monetary recovery would be limited to nominal compensatory damages of $1 and, theoretically at least, punitive damages. *Calhoun v. Detella*, 319 F.3d 936, 941–42 (7th Cir. 2003).

The Supreme Court has cautioned that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *Beard v. Wexford Health Sources, Inc.*, 900 F.3d 951, 954 (7th Cir. 2018) (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)). As such, assuming Plaintiff obtained punitive damages at all, they would be subject to the limitations discussed by the Court in *Campbell*.

Finally, Plaintiff also seeks injunctive relief. If he prevailed on the merits of his claim, he could possibly obtain such relief, but it would be quite limited. For example, if he were otherwise still eligible to apply for the program, perhaps that relief would mandate that prison officials timely forward a future application to the program to Northwestern for consideration.

Given the very modest relief Plaintiff may be entitled to (even assuming he were to win at every stage of this lawsuit) the Court

encourages the parties to engage in settlement discussions immediately to see whether they can resolve the case.

IT IS THEREFORE ORDERED:

1. **Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states a Fourteenth Amendment class of one equal protection claim against Defendant Montgomery. The Clerk is to add Warden Trent Allen, solely in his official capacity, as a Defendant to effect any potential future injunctive relief. All other Defendants to be terminated.**

2. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

3. **The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

4. **As to any defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This**

Page **7** of **9**

information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

6. The Court uses electronic filing. After defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed. This does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. Plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.

8.  **The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.**

Entered this 7th day of May, 2026.

*s/Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
